IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MICHAEL RAHMAN,** | § | CIVIL ACTION NO. 4:15-cv-2295 |
| **Individually and on Behalf of All** | § | |
| **Others Similarly Situated,** | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | COLLECTIVE ACTION REQUESTED |
| | § | |
| **FIESTA MART, LLC,** | § | |
|     Defendant. | § | JURY TRIAL DEMANDED |

# PLAINTIFFS' ORIGINAL COMPLAINT
## -AND-
## REQUEST FOR COLLECTIVE ACTION CERTIFICATION

Plaintiff Michael Rahman ("Mr. Rahman"), individually and on behalf of all others similarly situated (collectively "Plaintiffs"), file their Original Complaint against Defendant Fiesta Mart, LLC ("Fiesta Mart" or "Defendant"), and for cause of action would respectfully show that:

## I.
## PRELIMINARY STATEMENT

1.　Plaintiff Michael Rahman brings this civil action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA" or the "Act") on behalf of himself individually and on behalf of all those similarly situated, to recover unpaid back wages (29 U.S.C. § 211(a)), an additional equal amount as liquidated damages (29 U.S.C. § 216(c)), attorneys' fees and costs (29 U.S.C. § 216), and pre- and post-judgment interest.

2.　Plaintiffs seek certification of this suit as a collective action on behalf of all current and former Loss Prevention Managers who have been employed by Fiesta Mart during the past three years ("Class Members") and who have not been paid overtime compensation for all overtime hours worked because they were misclassified as salaried, overtime exempt.

## II.
## PARTIES

3. Mr. Rahman is an individual residing in Houston, Harris County, Texas, which is located in the Southern District of Texas, Houston Division.

4. Mr. Rahman worked for Fiesta Mart from June 2009 until July 27, 2015, at various grocery stores owned and operated by the company located in the Southern District of Texas, Houston Division, where his causes of action accrued.

5. Other persons have worked as Loss Prevention Managers at grocery stores owned and operated by Fiesta Mart in Texas during the past three years, but they have also not been paid overtime for their overtime hours worked. Each similarly situated person who participates as an Opt-in Plaintiff in this lawsuit will execute and file a "Consent" form.

6. Fiesta Mart is a Texas limited liability company doing business in the State of Texas, with its principal place of business at 5235 Katy Freeway, Houston, Texas 77007. Fiesta Mart can be served with Citation by serving its registered agent for service of process, C. T. Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201, or wherever else they may be found.

7. At all relevant times, Fiesta Mart has been engaged in the business of owning and operating grocery stores (particularly in the Houston, Austin, Dallas, and Fort Worth markets). According to Fiesta Mart's website (www.fiestamart.com), the company currently has 60 stores.

## III.
## JURISDICTION AND VENUE

8. Jurisdiction is proper in this court pursuant to 28 U.S.C. §1131 (federal question jurisdiction) and 29 U.S.C. § 216(b) (the FLSA).

9. Venue is proper in the Southern District of Texas, Houston Division, because Defendant's principal place of business is in this District; many of Defendant's violations of the FLSA took place and continue to take place within this District; the impact of the violations on Mr. Rahman, and others similarly situated, occurred and will continue to occur in this District; and Mr. Rahman, and others similarly situated, reside in this District.

## IV.
## VIOLATIONS OF THE FLSA

**FLSA Enterprise and/or Individual Coverage:**

10. At all relevant times, Fiesta Mart has engaged in related activities performed through unified operation or common control for a common business purpose; has employees engaged in interstate commerce or in the production of goods for interstate commerce, or employees handling, receiving, selling or otherwise working on goods or materials that have been moved in or produced for interstate commerce; and has annual gross volume of sales made or business done of not less than $500,000. Fiesta Mart, therefore, constitutes an enterprise engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of the FLSA (29 U.S.C. § 203(r) & (s)).

11. In addition, in connection with their employment with Fiesta Mart, Plaintiffs engaged in interstate commerce within the meaning of the FLSA (29 U.S.C. §§ 206(a) and 207(a)(1)).

**Non-Exempt Status of Plaintiffs' Position:**

12. Mr. Rahman commenced employment with Fiesta Mart in June 2009 as a Loss Prevention Investigator ("LPI").

13. In this position, Mr. Rahman's primary job duty was to sit in an office inside the Fiesta Mart grocery store to which he was assigned and watch monitors of video surveillance

(also known as closed-circuit television ("CCTV")) footage of the store looking for incidents of customer or employee theft.

14. As a LPI, Mr. Rahman was paid on an hourly basis and scheduled to work forty hour workweeks. He could not work any overtime hours without advance approval from management.

15. In or about June 2012, Mr. Rahman learned he had been transferred into a Loss Prevention Manager ("LPM") position about two weeks earlier, when his manager told him to start working a 55-hour workweek consisting of five 10-hour workdays plus one 5-hour workday each week.

16. At the time Mr. Rahman was transferred from an LPI to an LPM position, his compensation structure was changed and he was now paid a weekly salary of $725 and classified as exempt from the FLSA's overtime requirements. Mr. Rahman is informed and believes that Fiesta Mart has misclassified its other LPM's as salaried exempt.

17. When Mr. Rahman was transferred from an LPI to an LPM position, his principal job functions did not change in any significant way.

18. As an LPM, Mr. Rahman's primary job duty, and the primary job duty of other similarly situated LPM's, continued to be to sit in an office inside the Fiesta Mart grocery store to which he was assigned and watch monitors of video surveillance footage of the store looking for incidents of customer or employee theft.

19. When Mr. Rahman caught someone shoplifting, he would prepare paperwork that Fiesta Mart requires to document the situation and then either release the suspected shoplifter to the police or to leave the store advising that the suspect would receive a letter from Fiesta Mart's attorneys.

20.     Fiesta Mart typically assigns only one LPI or LPM to work at each of its stores.

21.     As an LPM, Mr. Rahman, and other similarly situated LPM's, did not customarily and regularly direct the work of at least two or more other full-time employees or their equivalent, so Plaintiffs could not be considered exempt (among other reasons) under the FLSA's overtime exemption for executive employees.

22.     As an LPM, Mr. Rahman, and other similarly situated LPM's, did not have the authority to hire or fire other employees, and his suggestions or recommendations as to hiring, firing, advancement, promotion or any other change of status of other employees was not given particular weight, and thus, Plaintiffs could not be considered exempt (among other reasons) under the FLSA's overtime exemption for executive employees.

23.     Mr. Rahman does not have any college degree and Fiesta Mart's educational requirements for the LPM position do not require any college degree.

24.     As an LPM, Mr. Rahman, and other similarly situated LPM's, did not perform office or non-manual work directly related to the management of Fiesta Mart's business, and Plaintiffs' primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance, and thus, Plaintiffs could not be considered exempt (among other reasons) under the FLSA's overtime exemption for administrative employees.

**Defendant's Failures To Pay Overtime To Its LPM's:**

25.     During the past three years, Fiesta Mart employed one or more of Plaintiffs in its enterprise and repeatedly and willfully violated the FLSA by employing Plaintiffs for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed,

5

contrary to the requirements of Section 7 of the FLSA (29 U.S.C. § 207).  These violations are ongoing.

26. Plaintiffs were not required to keep any timecards of their compensable working hours at Fiesta Mart.

## V.
## BACK WAGES, LIQUIDATED DAMAGES AND ATTORNEYS' FEES AND COSTS

27. Plaintiffs incorporate the preceding paragraphs of this Complaint as if stated fully within.

28. As a result of the underpayment of wages alleged above, Defendant is indebted to Plaintiffs in the amount of the unpaid overtime compensation.  Most of the records concerning the number of hours worked by Plaintiffs, and the compensation they received in workweeks in which excess hours were worked, are in the exclusive possession and under the sole custody and control of the Defendant.  Plaintiffs, therefore, are unable to state at this time the exact amount owing to them.  However, Mr. Rahman estimates that he averaged 15 hours of overtime each week for which he was not compensated.

29. Plaintiffs are further entitled to recover an additional equal amount as liquidated damages (29 U.S.C. § 216(c)) and attorneys' fees and costs (29 U.S.C. § 216).

30. The written Consent form of Mr. Rahman is attached as **Exhibit 1**.

## VI.
## JURY DEMAND

31. Plaintiffs demand a trial by jury.

# VII.
# PRAYER

32. WHEREFORE, Plaintiffs respectfully request that the Court certify this suit as a collective action under the FLSA on behalf of all those similarly situated to Plaintiff Michael Rahman, and they demand Judgment against Defendant under the FLSA in the amounts of unpaid overtime compensation due Plaintiffs, additional equal amounts as liquidated damages, pre-judgment interest, post-judgment interest, and reasonable attorneys' fees and costs of court.

Respectfully submitted,

*/Michael A. Starzyk/*
**Michael A. Starzyk**
TBA # 00788461
Southern District of Texas Bar No.16926
mstarzyk@starzyklaw.com
**Stephen R. Ricks**
TBA No. 00788278
Southern District of Texas Bar No. 36039
sricks@starzyklaw.com
**April L. Walter**
TBA # 24052793
Southern District of Texas Bar No. 713287
awalter@starzyklaw.com
**Megan M. Mitchell**
TBA No. 24073504
Southern District of Texas Bar No. 2174572
mmitchell@starzyklaw.com
**STARZYK & ASSOCIATES, P.C.**
10200 Grogan's Mill Road
Suite 300
The Woodlands, Texas 77380
T: [281] 364-7261
F: [281] 364-7533

**ATTORNEYS FOR PLAINTIFFS MICHAEL RAHMAN, Individually and on Behalf of All Others Similarly Situated.**