United States District Court
Southern District of Texas
**ENTERED**
February 24, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL RAHMAN, Individually and on Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:15-CV-2295 |
| v. | § § | COLLECTIVE ACTION |
| FIESTA MART, LLC | § § § | JURY TRIAL DEMANDED |
| Defendant. | | |

## AGREED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

Upon the stipulation of counsel for Plaintiff Michael Rahman ("Plaintiff") and Defendant Fiesta Mart LLC ("Defendant") (collectively, Plaintiff and Defendant are referred to herein as the "Parties") and pursuant to the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.  This Agreed Protective Order and Confidentiality Agreement ("Order") is necessary to protect proprietary, confidential, competitive, trade secrets, and/or extremely private documents and information ("Confidential Information") that may be produced and/or otherwise disclosed during the course of discovery and other proceedings in civil action No. 4:15-CV-2295 styled *Michael Rahman v. Fiesta Mart, LLC*, pending in the United States District Court for the Southern District of Texas, Houston Division (the "Action"), whether such information is produced and/or disclosed prospectively or retroactively. Such Confidential Information shall only be used for purposes of this Action and any appeal of this Action and shall not be disclosed, exhibited, delivered, or the existence be made known to any person except in accordance with the provisions of this Order.

2.  This Order shall be effective as of the date signed by the Parties.

3.  The Parties may retroactively designate documents or information that has previously been produced and/or disclosed during the course of discovery and other proceedings in this Action as proprietary, confidential, competitive, trade secrets, and/or extremely private so as to be encompassed by this Order.

4.  Confidential Information received from an opposing Party may be disclosed only to: (i) the attorneys for the Parties in this Action, and (ii) the employees and clerical assistants of, or assigned to, such attorneys, including legal assistants and paralegals, to whom it is necessary to disclose such information for purposes of prosecuting or defending this Action. In addition, counsel for a respective Party may disclose Confidential Information that has been received from an opposing Party to: (a) any actual or potential independent testifying experts or consultants; (b) third party vendors supplying necessary services in connection with this Action; (c) the Plaintiff; and (d) present or former corporate officers or employees of Defendant or of Defendant's affiliates and successors, if any, to whom it is necessary to disclose such information for purposes of this Action; *provided however,* that all such persons in subsections (a) through (d) who receive Confidential Information or to whom such may be disclosed must agree to be bound by the terms of this Order by executing Exhibit "A" attached hereto prior to any receipt of Confidential Information from an opposing party. A copy of Exhibit "A" must be retained by counsel for each party after execution. No other person shall have access to Confidential Information without Court approval or the written agreement of the Parties to this Order.

To assure that no unfair advantage is gained by any party (or any non-party) as a result of discovery or other activities in this Action; to avoid any potentially harmful disclosure of Confidential Information; and to facilitate discovery and other pre-trial proceedings in this

Action without the necessity of repeated motions and hearings before the Court, the Parties have stipulated that discovery and disclosure of Confidential Information should proceed only upon the terms and conditions set forth in this Order.

ACCORDINGLY, IT IS HEREBY ORDERED that:

1. **Applicability**. This Order shall apply to all information and materials (including, without limitation, all documents, deposition testimony and interrogatory answers) produced or disclosed through discovery or any other proceedings in this Action (i) by any Plaintiff or any Defendant (individually referred herein as a "**Party**" and collectively referred to herein as the "**Parties**") or (ii) by any person, entity, or witness not a party to this Order ("**non-party**"), which is designated "Confidential Information" pursuant to this Order.

2. **Designation of Confidential Information**. Any Party or non-party may, in good faith designate as "**Confidential Information**," at any time, in the manner described below, confidential information, including, without limitation, documents, answers to interrogatories, deposition testimony, or any other information or materials produced or disclosed by the Party or a non-party during discovery or in any other pretrial proceedings in this Action, thereby giving notice that such materials (i) contain confidential information, and (ii) shall be subject to the provisions of this Order. All materials so designated, including copies, summaries, or abstracts, or other recognizable artifacts shall be treated as "**Confidential Information**."

3. **Method of Designation**. Each page of documents disclosed or produced, along with all answers to interrogatories, responses to requests for admission, or other such discovery materials that are to be designated as Confidential Information, shall be accompanied by cover letter or a conspicuously hand-written inscription, in ink with the word or words:

**CONFIDENTIAL**

or

**CONFIDENTIAL INFORMATION**

Information designated as confidential under this Agreement should be substituted for any versions of the same information that was not previously designated as confidential. The version that has been designated confidential should at all times thereafter be used.

All **documents** produced by any Party, non-party, or witness for inspection or copying shall be treated as Confidential Information during inspection, if marked or designated as Confidential Information as provided above or by the agreement of the parties. **Testimony** may be designated as Confidential Information in whole or in part. If so, counsel shall designate on the record prior to, concurrently with, or within twenty (20) days after receipt of a transcript of the deposition or hearing, the portions of the testimony that are designated as Confidential Information, in which case each page of the portion of any transcript so designated (together with the front/cover page) shall be stamped with the foregoing legend, and all transcripts so stamped shall be maintained separately, subject to the provisions of this Order. The designating party will bear the expense charged by the court reporter's office, of any, for stamping and/or separately binding the portions of any transcripts as Confidential.

4.      **Limited Use and Disclosure of Confidential Information**. All Confidential Information revealed in this case shall be used solely for the preparation, hearing, and judicial review or appeal of this matter, and shall not be used by any person (except by the Party or non-party who originally produced or disclosed the Confidential Information, or by one who can prove the legitimate acquisition of such information prior to its disclosure in this Action) for any other purpose, and shall not be used or disclosed in this Action except as provided in this Order. Subject to the limitations on usage set forth below, and except by the Party or non-party who originally

produced or disclosed it in this Action (or by one who can prove the legitimate acquisition of such information prior to its disclosure in this lawsuit), Confidential Information shall not be used, disclosed or otherwise communicated to anyone, except:

    a.    the named parties in the Action;

    b.    counsel of record for the parties and paralegals or other legal and clerical assistants employed by such counsel and reasonably necessary to assist counsel (all of whom qualify for review of "Confidential Information");

    c.    witnesses and legitimate, independent (outside) experts retained by counsel of record in connection with the Action who agree to be bound by this Order and who signify such agreement by signing a copy of <u>Exhibit "A"</u> attached hereto, which shall be retained by counsel; the Certificate signed by a non-testifying, independent (outside) "consulting only" expert shall be retained in the files of counsel who employed such expert but only disclosed pursuant to further order of the Court;

    d.    court reporters retained by counsel of record in connection with discovery in this Action who first read this Order;

    e.    the Court (including Court staff);

    f.    such other persons as all counsel of record in advance unanimously may agree upon in writing; *provided*, that such other persons agree to be bound by this Order and signify such agreement by signing a copy of <u>Exhibit "A"</u> attached hereto.

Confidential Information (and all copies thereof) shall be maintained only at the offices of retained counsel, party legal departments, and experts.

    5.    **<u>Procedure for Disclosure to Experts</u>.** Any Party's counsel who intends to disclose another party's Confidential Information to a witness or to an independent expert, in advance of

any such disclosure, shall require such expert to read and agree to be bound by this Order, and shall require such expert to sign a Certificate of Consent to be bound by Order, in the form attached as Exhibit "A."

6. **Disclosure Connected with Testimony**. A witness may, during a deposition or trial, be shown a document containing, or otherwise be examined about, Confidential Information *only if* (i) the witness is a current employee of the Party or non-party that produced such Confidential Information, (ii) the witness is authorized to review such information under the terms of this Order, or (iii) it can be established in advance of disclosure that the deponent is already familiar with (or authorized to review) the Confidential Information contained therein, *e.g.*, as evidenced by the fact that the deponent authored or otherwise was a source of such information, or is discussed or is the subject (in whole or in part) of the document, or is shown on the document as a recipient thereof, or is a person whose prior testimony has established that he or she previously originated, received, or reviewed such information in the ordinary course of business, or is an expert who reviewed, or will review, same in his/her capacity as an expert witness in this Action. Each such witness in category (iii) above, however, shall be furnished a copy of this Order, either before or after being examined about such Confidential Information, and shall not disclose such Confidential Information to anyone, except in accordance with the terms of this Order.

7. **Exclusion of Unauthorized Persons**. Whenever Confidential Information is to be introduced or used at a deposition, hearing, or other pretrial proceeding in this Action, each portion of any such proceeding in which such Confidential Information is introduced or used shall be conducted with only those persons present who are authorized under this Order to have access to such Confidential Information; and the confidential portions of the transcript and its cover page shall be marked with the legend set forth in Paragraph 3 above; the original of such transcript shall

be maintained under seal; and copies of same shall not be available to non-parties without first obtaining leave of the Court.

8. **Filing Protected Confidential Information.** Prior to the filing of Confidential Information in the public records, the filing Party shall seek to file the Confidential Information under seal on Pacer. Contemporaneously with its filing of the Confidential Information, the filing party shall also file a motion for leave from the court requesting that the court accept these materials under seal, which motion shall specifically describe the particular documents or categories of documents that have been marked as Confidential Information and are sought to be sealed. The designating party, if not the party filing the Confidential Information, may thereafter file within five (5) business days an affidavit(s) showing "good cause" for the court to protect such materials from public disclosure. If the filing party is the designating party, showing of "good cause" for the court to protect such materials from public disclosure shall be included in the motion for leave to seal the materials.

9. **Authorized Disclosures**. Nothing herein shall prevent disclosure beyond the terms of this Order if the only party originally designating the information as "Confidential Information" has consented in writing to such disclosure, or if the Court orders disclosure regardless.

10. **No Waiver of Other Objections**. Each party or non-party shall retain the right to oppose disclosure or production of Confidential Information sought in discovery on any additional grounds outside the provisions of this Order. The parties do not waive any right to object upon any grounds whatsoever to the use or introduction of Confidential Information in any proceeding or hearing.

11. **Challenging Confidentiality Designations**. In the event any Party disagrees at any point with the designation by the designating party of any information as "Confidential," the

parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the designating party may move the court for an order protecting the confidential status of the information. Until the court rules on the designating party's motion for protected status, all Parties and non-parties shall continue to afford the material in question the level of protection to which it is entitled under the "Confidential" designation. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed, so long as the Party exercised reasonable diligence in doing so.

12. **Court Proceedings**. Unless otherwise agreed upon in writing by all counsel of record, all court-related proceedings involving Confidential Information (including proceedings at which Confidential Information is offered into the record or may otherwise be used) shall be subject to the provisions of this Order, to the extent practicable.

13. **Responsibility for Unauthorized Use or Disclosure**. Any counsel disclosing Confidential Information of another Party or non-party to anyone qualified under this Order shall have the duty to reasonably ensure that such person is given a copy of this Order and observes its terms, except that in no event shall counsel be personally responsible for a breach or failure to observe the terms of this Order by anyone who is outside of his/her control.

14. **Ultimate Disposition of Confidential Information.** Within forty-five (45) days after the conclusion of this Action (including disposition of any appeals), all Confidential Information produced by a Party or nonparty, and all reproductions, summaries and extracts of same, together with any other recognizable artifacts thereof, shall be returned to the Party or non-party originally producing same or destroyed by the receiving party, except as the Court may otherwise order. Nothing in this Order shall preclude a Party from using or retaining their own Confidential Information, even if marked confidential for purposes of this Action, internally for proper and lawful business purposes. Additionally, notwithstanding this provision, counsel for the Parties are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential information; *provided, however*, that any such archival copies that contain or constitute Confidential information remain subject to this Protective Order.

15. **Effective Date of Agreed Protective Order and Confidentiality Agreement.**

This Order shall be effective immediately upon the signature of the attorneys for the parties to the Action and shall apply retroactively to all information and materials (including, without limitation, all documents, deposition testimony and interrogatory answers) produced or disclosed through discovery or in any other proceedings in this Action.

This Order shall continue to be effective after the conclusion of this Action, except (i) that there shall be no restriction as to documents that are used as exhibits (unless such exhibits were admitted confidentially and maintained by the Court thereafter under seal), and (ii) that a Party may seek written permission from the producing party with respect to the application, dissolution or modification of this Order.

SIGNED AND ENTERED this 23d day of February, 2016.

_____
UNITED STATES DISTRICT JUDGE

AGREED AS TO FORM, SUBSTANCE, AND ENTRY:

MICHAEL A. STARZYK
Texas Bar No. 00788461
mstarzyk@starzyklaw.com

APRIL L. WALTER
Texas Bar No. 24052793
awalter@starzyklaw.com

MEGAN M. MITCHELL
Texas Bar No. 24073504
mmitchell@starzyklaw.com

STARZYK & ASSOCIATES, P.C.
10200 Grogan's Mill Road
Suite 300
The Woodlands, Texas 77380
Telephone: (281) 364-7261
Facsimile: (281) 364-7533

ATTORNEYS FOR PLAINTIFF

MICHAEL V. ABCARIAN
Texas Bar No. 00799900
mabcarian@laborlawyers.com

ARTHUR V. LAMBERT
Texas Bar No. 11841250
alambert@laborlawyers.com

FISHER & PHILLIPS LLP
500 N. Akard Street, Suite 3550
Dallas, Texas 75201
Telephone: (214) 220-9100
Facsimile: (214) 220-9122

ATTORNEYS FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL RAHMAN,<br>Individually and on Behalf of All Others<br>Similarly Situated,<br><br>*Plaintiff*,<br><br>v.<br><br>FIESTA MART, LLC<br><br>*Defendant*. | § § § § § § § § § § § | CIVIL ACTION NO. 4:15-cv-2295<br><br>COLLECTIVE ACTION<br><br>JURY TRIAL DEMANDED |

# EXHIBIT A

STATEMENT OF

State of _____ §
§
County of _____ §

_____ being sworn, deposes and says:

    I have been requested by     [name of Participating Party] through counsel, to inspect certain material which is "CONFIDENTIAL" within the terms of the Agreed Protective Order issued by the Court in the above-styled action, for the purpose of assisting counsel to prepare for the litigation of the action.

    I have read the Agreed Protective Order dated _____, 2016, which has been entered in this action, and I agree to be bound by it in the same way that the parties to the action are bound.

    I hereby agree to submit to the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division for enforcement of the undertakings I have made herein.

By: _____

Subscribed and sworn to before me this _____ day of _____, 2016.

_____
Notary Public in and for the State of Texas