# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL RAHMAN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-2295 |
| | § | |
| FIESTA MART, LLC, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court are (1) plaintiff Michael Rahman's ("Rahman") motion for conditional certification (Dkt. 10) and (2) defendant Fiesta Mart, LLC's ("Fiesta Mart") motion to strike (Dkt. 18). Having considered the motions, responses, replies, oral argument, and applicable law, the court is of the opinion that Rahman's motion for conditional certification should be DENIED and Fiesta Mart's motion to strike should be DENIED AS MOOT.

## I. BACKGROUND

Fiesta Mart is a grocery store chain that operates approximately 60 stores throughout Texas. Dkt. 16, Ex. 3 at 1. In June 2009, Rahman began working for Fiesta Mart as a Loss Prevention Investigator ("LPI"). Dkt. 10 at 2. As an LPI, Rahman worked in an office inside a Fiesta Mart grocery store and was responsible for monitoring the store's surveillance cameras to identify incidents of customer or employee theft. *Id.* Rahman was paid on an hourly basis and worked a standard 40-hour per week schedule. *Id.* In this position, Rahman was eligible for overtime pay but was not permitted to work overtime without approval from a supervisor. *Id.*

In June 2012, Rahman received a call from John Valentine, Fiesta Mart's Corporate Loss Prevention Manager. Dkt. 10, Ex. 1 at 1. Valentine asked Rahman why he was not working a 52-

hour per week schedule.  *Id.*  When Rahman explained that he was not permitted to work more than 40 hours per week without permission, Valentine informed Rahman that he would receive a promotion.  *Id.*  Rahman was subsequently promoted to Loss Prevention Manager ("LPM").  *Id.* According to Rahman, his responsibilities did not change significantly after his promotion.  *Id.*  He continued to dedicate about 90% of his time to monitoring surveillance footage.  *Id.* at 2.  As an LPM, Rahman worked 52[1] hours per week and was paid a weekly salary.  *Id.*  Fiesta Mart classified LPMs as exempt from the Fair Labor Standards Act's ("FLSA") overtime pay requirements.  Dkt. 10 at 2.  Therefore, Rahman received no overtime pay while working as an LPM.  *Id.* at 3.  Rahman worked as an LPM until July 2015, when he quit his job at Fiesta Mart.  Dkt. 16, Ex. 1 at 26; Dkt. 16, Ex. 3 at 2.

On August 11, 2015, Rahman filed this lawsuit, alleging that he and other similarly situated LPMs had been misclassified as exempt employees and improperly denied overtime pay in violation of FLSA.  Dkt. 1.  On February 5, 2016, Rahman filed a motion for conditional certification of a FLSA collective action.  Dkt. 10.  Rahman seeks conditional certification of a class of approximately 35 similarly situated LPMs who worked for Fiesta Mart in the past three years.  *Id.* at 1.  On March 11, 2016, Fiesta Mart filed a response in opposition to conditional certification.  Dkt. 16.  On March 16, 2016, Rahman filed a reply in support of conditional certification.  Dkt. 17.  Rahman attached two exhibits to his reply brief: (1) an affidavit signed by one of his attorneys and (2) an excerpt of his deposition.  Dkt. 17, Exs. A, B.  On March 17, 2016, Fiesta Mart filed a motion to strike these exhibits.  Dkt. 18.  On April 7, 2016, Rahman filed a response in opposition to the motion to strike.

---

[1] Rahman at times claims to have worked a 52-hour per week schedule and at other times claims to have worked a 55-hour per week schedule.  *Compare* Dkt. 10 at 2–3, *with* Dkt. 10, Ex.1 at 1–2.  The exact nature of Rahman's schedule is not relevant to the motions currently pending before the court.

Dkt. 20.  On April 12, 2016, Fiesta Mart filed a reply in support of its motion to strike.  Dkt. 22.  On April 28, 2016, the court heard oral argument on Rahman's motion for conditional certification and Fiesta Mart's motion to strike.  These motions are now ripe for disposition.

## II.  MOTION FOR CONDITIONAL CERTIFICATION

### A.    Approaches to Conditional Certification under FLSA

Section 207(a) of FLSA prohibits an employer from requiring nonexempt employees to work in excess of forty hours in a given workweek unless the employees are compensated for the excess hours at a rate of at least one and one-half times their regular rate.  29 U.S.C. § 207 (2012).  Section 216(b) provides employees with a cause of action against employers who violate § 207.  *Id.* § 216(b).  Further, § 216(b) permits employees to bring collective actions on behalf of "themselves and other employees similarly situated."  *Id.*   Before a case may proceed as a collective action, however, the plaintiff must make an initial showing that the case is appropriate for collective action treatment.

Courts employ two different tests to determine whether to certify a collective action under FLSA: the spurious class action *Shushan* approach or the two-step *Lusardi* approach.  *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012) (Ellison, J.).  *See generally Shushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263 (D. Colo. 1990); *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).  The Fifth Circuit has declined to decide which test is preferable.  *Roussell v. Brinker Int'l, Inc*., 441 F. App'x 222, 226 (5th Cir. 2011); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S. Ct. 2148 (2003).  District courts within the Fifth Circuit, including this court, have consistently applied the *Lusardi* test.  *See Johnson v. Big Lots Stores, Inc.*, No. 04-CV-3201, 2007 WL 5200224, at *3 (E.D. La. Aug. 21, 2007) ("Since *Mooney* district courts in the Fifth Circuit have uniformly used [the *Lusardi* approach] to determine whether a collective [action] should be certified

under the FLSA."); *see also Abdur-Rahim v. Amerom, Inc.*, No. 13-CV-2105, 2013 WL 6078955, at *2 (S.D. Tex. Nov. 19, 2013) (Miller, J.) (noting that this court has adopted the *Lusardi* test). The court finds no reason to deviate from this precedent and will therefore apply the *Lusardi* test here.

**B.      The *Lusardi* Test**

The *Lusardi* test proceeds in two stages: (1) the "notice" stage and (2) the "decertification" stage. *Moore v. Special Distribution Servs. Inc.*, No. 06-CV-3946, 2007 WL 2318478, at *2 (S.D. Tex. Aug. 8, 2007) (Harmon, J.). At the notice stage, the court determines whether to conditionally certify a collective action and notify potential class members of the opportunity to opt in to the lawsuit. *Walker*, 870 F. Supp. 2d at 465. The plaintiff is required to make a minimal showing that "(1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt in to the lawsuit." *Aguirre v. SBC Commc'ns, Inc.*, No. 05-CV-3198, 2006 WL 964554, at *6 (S.D. Tex. Apr. 11, 2006) (Rosenthal, J.). At the notice stage, the parties typically have presented only affidavits and have conducted no discovery. *McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794, 802 (S.D. Tex. 2010) (Rosenthal, J.). In some cases, such as this case, "the parties have taken some discovery and have submitted the results of that work." *Id.* In deciding whether to issue notice to potential class members, the court applies a lenient standard which typically results in conditional certification. *See Walker*, 870 F. Supp. 2d at 465 (noting that collective actions are generally favored under FLSA). However, conditional certification is not automatic. *Ali v. Sugarland Petroleum*, No. 09-CV-0170, 2009 WL 5173508, at *5 (S.D. Tex. Dec. 22, 2009) (Ellison, J.). "A factual basis for the allegations is needed to satisfy the first step." *Perez v. Guardian Equity Mgmt., LLC*, No. 10-CV-0196, 2011 WL 2672431, at *4 (S.D. Tex. July 7, 2011) (Rosenthal, J.); *see also Hall v. Burk*, No. 01-CV-2487,

4

2002 WL 413901, at *3 (N.D. Tex. Mar. 11, 2002) ("Unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden."). If the court conditionally certifies the class and issues notice, the case proceeds as a collective action during discovery. *Walker*, 870 F. Supp. 2d at 466.

The decertification stage begins when the defendant moves to decertify the conditionally-certified class, usually after discovery is largely complete. *Mooney*, 54 F.3d at 1214. At this stage, the court reviews the information obtained during discovery and makes a factual determination regarding whether the members of the conditionally-certified class are truly similarly situated. *Id.* The plaintiff's burden is more stringent at the decertification stage than at the lenient notice stage. *McKnight*, 756 F. Supp. 2d at 802. If the claimants are similarly situated, the case proceeds to trial as a collective action. *Mooney*, 54 F.3d at 1214. If the claimants are not similarly situated, the court decertifies the classes and dismisses the opt-in plaintiffs without prejudice. *Id.* The original plaintiffs then proceed to trial on their individual claims. *Id.*

In this case, Fiesta Mart argues that the court should skip the lenient, notice stage inquiry and proceed to the more stringent inquiry typical of the decertification stage. Dkt. 16 at 12. Fiesta Mart contends that the notice stage inquiry ordinarily applies when the court considers conditional certification at an early stage of the case. *Id.* Here, Rahman waited until the case was substantially advanced before filing his motion for conditional certification. *Id.* Rahman filed this lawsuit on August 11, 2015, but did not move for conditional certification until almost six months later on February 5, 2016. Dkts. 1, 10. Fiesta Mart is correct that many courts have applied a heightened standard of review when considering a motion for conditional certification at a later stage of the case after the movant has had the opportunity to conduct significant discovery. *See Nieddu v. Lifetime Fitness, Inc.*, 977 F. Supp. 2d 686, 692 (S.D. Tex. 2013) (Harmon, J.) (collecting cases and

explaining that "[a] number of courts have held that if substantial discovery occurs before the first, conditional certification stage, the court may bypass the first stage and proceed directly to the second stage of certification analysis" (citation and internal quotation marks omitted)). Here, however, the court will assume that the notice stage inquiry applies because the court finds that Rahman's motion for conditional certification fails even when judged against this lenient standard. Moreover, the parties represented at oral argument that they had agreed to extend the discovery deadline and that discovery was still ongoing. *See McKnight*, 756 F. Supp. 2d at 802–03 (declining to apply a heightened standard of review, even though the parties had submitted deposition excerpts and other discovery documents, and explaining that a heightened standard of review was appropriate only when "discovery is largely complete and the matter is ready for trial" (quoting *Mooney*, 54 F.3d at 1214)).

### C.   Application of the *Lusardi* Notice Stage Inquiry

As noted above, at the notice stage the plaintiff must make a minimal showing that "(1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt in to the lawsuit." *Aguirre*, 2006 WL 964554, at *6. The court assumes, without deciding, that Rahman has satisfied the first and second elements of the notice stage inquiry. The court focuses its analysis on the third element because it is dispositive of Rahman's motion.

Rahman argues that the court should not require him to show that others want to opt in to the lawsuit. Dkt. 10 at 9. Rahman notes that some courts require proof of this element, while other courts have expressly rejected it. *Id.* at 8–9. Rahman contends that the court should reject this requirement because (1) it is not a statutory requirement, (2) the Fifth Circuit has not stated that this

6

element is required, (3) there is no numerosity requirement in a FLSA collective action, and (4) it conflicts with the liberal construction of FLSA. *Id.* at 9–10.

Rahman is correct that no Fifth Circuit opinion requires a plaintiff to show that others want to opt in to the lawsuit on a motion for conditional certification. However, the Fifth Circuit has explicitly declined to endorse any approach to conditional certification under FLSA. *Roussell*, 441 F. App'x at 226. The Fifth Circuit has acknowledged the *Lusardi* test but has provided little guidance on how it should be applied. *Mooney*, 54 F.3d at 1213–14. Many courts in this district have required plaintiffs to make a minimal showing that other individuals actually want to opt in to the lawsuit. *See generally McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794 (S.D. Tex. 2010) (Rosenthal, J.); *Ali v. Sugarland Petroleum*, No. 09-CV-0170, 2009 WL 5173508 (S.D. Tex. Dec. 22, 2009) (Ellison, J.); *Simmons v. T-Mobile USA, Inc.*, No. 06-CV-1820, 2007 WL 210008 (S.D. Tex. Jan. 24, 2007) (Atlas, J.).

This requirement is necessary to ensure that the collective action mechanism is being used appropriately to promote judicial efficiency rather than as a tool to burden a defendant and create settlement pressure. *See Lang v. DirecTV, Inc.*, No. 10-CV-1085, 2011 WL 6934607, at *6 (E.D. La. Dec. 30, 2011) (explaining that "[t]oo much leniency at the notice stage can lead to a frivolous fishing expedition conducted by the plaintiff at the employer's expense and can create great settlement pressure early in the case" (footnotes and internal quotation marks omitted)). As one court explained:

> [A] named plaintiff (or plaintiffs) must proffer some evidence that other similarly situated individuals desire to opt in to the litigation. In the absence of such evidence, there would be no basis upon which the Court could conclude that the action was an "appropriate case" for collective-action treatment.
> . . . .

> Simply put, a plaintiff must do more than show the mere *existence* of other similarly situated persons, because there is no guarantee that those persons will actually seek to join the lawsuit. And, if those other, similarly situated persons were to decline to opt in to the case, no purpose would have been served by "certifying" a collective-action "class"—the case ultimately would involve no one other than the plaintiff.

*Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1165 (D. Minn. 2007); *see also Simmons*, 2007 WL 210008, at *9 (explaining that "[o]thers' interest in joining the litigation is relevant to deciding whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants in a collective action," and declining to conditionally certify a collective action where the plaintiff presented no admissible evidence that other similarly situated individuals wanted to join the lawsuit).

This court has previously declined to conditionally certify collective actions where the plaintiffs produced insufficient evidence that other individuals wanted to opt in. *See Shaffer v. M-I, LLC*, No. 14-CV-2966, 2015 WL 7313415, at *4 (S.D. Tex. Nov. 19, 2015) (Miller, J.) (finding that the plaintiff had not established that conditional certification was warranted where only one valid consent form had been filed with the court); *Morales v. Thang Hung Corp.*, No. 08-CV-2795, 2009 WL 2524601, at *3 (S.D. Tex. Aug. 14, 2009) (Miller, J.) (declining to conditionally certify a collective action where only one consent form had been filed with the court, and explaining that "[o]ne affidavit is not enough to establish that the collective action, along with the expensive notice it requires, is the most efficient way to proceed with this litigation"); *Badgett v. Tex. Taco Cabana, L.P.,* No. 05-CV-3624, 2006 WL 2934265, at *3 (S.D. Tex. Oct. 12, 2006) (Miller, J.) (denying a motion for conditional certification where, in addition to three named plaintiffs, one person filed a declaration indicating that he was interested in opting in to the case but ultimately never moved to join the case).

8

Here, the case for conditional certification is weaker than in *Shaffer*, *Morales*, and *Badgett*. In *Shaffer*, *Morales*, and *Badgett*, at least one person other than the named plaintiff had expressed some interest in joining the lawsuit. In this case, no one has consented to join this action other than Rahman.  Further, there is no evidence that any person is interested in joining this lawsuit.  Rahman indicated that he spoke three or four times with one other LPM, Lee Johnson, who expressed that he was not interested in being a part of the lawsuit.  Dkt. 16, Ex. 1 at 49–50.  Rahman stated that he has no intention of contacting any other LPMs about this lawsuit.  *Id.* at 72–73.

Rahman has explained the lack of evidence regarding other potential plaintiffs by arguing that (1) Johnson did not express interest in the case because he feared retaliation from Fiesta Mart and (2) Rahman worked in isolation as an LPM and therefore lacks the contacts to inform other potential class members of this lawsuit.  Dkt. 10 at 10; Dkt. 17 at 5.  Where a plaintiff is isolated from other potential class members or where potential class members fear retaliation, some courts relax the requirement that the plaintiff show other aggrieved employees want to join the class.  These courts nonetheless require the plaintiff to make some minimal showing that other individuals are interested in joining the lawsuit.  In *Perez*, the court relaxed the "interest requirement" where the plaintiff had very little contact with other aggrieved employees and had been told that those employees feared retaliation.  2011 WL 2672431, at *8.  However, the plaintiff had identified other individuals in his same position at multiple job sites that had complained to him about routinely working overtime without pay.  *Id.* at *7.  Similarly, in *Prater v. Commerce Equities Management Co.*, the court relieved the plaintiff of the obligation to produce affidavits from other employees interested in opting in to the lawsuit where allegations of retaliation were present.  No. 07-CV-2349, 2007 WL 4146714, at *8 (S.D. Tex. Nov. 19, 2007) (Rosenthal, J.).  In that case, however, the court

found that the interest requirement was satisfied because there were already three named plaintiffs. *Id*.

In this case, Rahman has presented no evidence that would allow the court to infer that other individuals are interested in joining this lawsuit. The only evidence presented suggests that others are in fact not interested in joining. Further, Rahman's testimony undermines his claim that he was too isolated at work to know other LPMs. *See* Dkt. 16, Ex. 1 at 21–23, 26, 48 (Rahman's Deposition) (testifying that he had worked for three different LPMs while he was an LPI, that he attended annual meetings with about 40 other LPMs in the area, and that he knew between five and ten other LPMs by name). Rahman's unsupported assertion that others will be interested in joining this lawsuit is insufficient to satisfy his burden. The court finds that Rahman has not established that collective action status is appropriate for this case. *See Detho v. Bilal*, No. 07-CV-2160, 2008 WL 2962821, at *3 (S.D. Tex. July 29, 2008) (Rosenthal, J.) ("In the absence of any evidence indicating that others will opt in to this lawsuit, there is no basis to conclude that it is an 'appropriate case' for collective-action status, as opposed to a lawsuit involving a single plaintiff."). Therefore, Rahman's motion for conditional certification is DENIED.

### III. MOTION TO STRIKE

As noted above, Rahman attached two pieces of evidence to his reply in support of conditional certification: (1) an affidavit from one of his attorneys and (2) an excerpt of his deposition. Dkt. 17, Exs. A, B. In the affidavit, Rahman's attorney testified that Fiesta Mart had been slow in responding to discovery requests and had continuously failed to propose dates for depositions. Dkt. 17, Ex. A. In the deposition excerpt, Rahman provided several pages of his deposition which did not appear in the portion of his deposition attached to Fiesta Mart's response in opposition to conditional certification. *Compare* Dkt. 16, Ex. 1, *with* Dkt. 17, Ex. B. In

particular, the deposition excerpt included Rahman's testimony that Lee Johnson indicated he was not interested in participating in this lawsuit because "[h]e didn't want to worry about losing his position or his job at Fiesta."  Dkt. 17, Ex. B at 81.  In general, Fiesta Mart moves to strike these attachments on the basis that a party may not submit new evidence in a reply brief because it deprives the nonmoving party of a meaningful opportunity to respond to that information.  Dkt. 18.

The court has reviewed the exhibits attached to Rahman's reply brief and finds that this evidence, even if considered, does not change the court's ruling on Rahman's motion for conditional certification.  Accordingly, Fiesta Mart's motion to strike is DENIED AS MOOT.

### IV. CONCLUSION

Rahman's motion for conditional certification (Dkt. 10) is DENIED.  Fiesta Mart's motion to strike (Dkt. 18) is DENIED AS MOOT.

Signed at Houston, Texas on May 4, 2016.

_____
Gray H. Miller
United States District Judge